UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINGAL CARTER,

        Plaintiff,          **MEMORANDUM AND ORDER**
                                                  22-CV-2440 (LDH)

   - against -

CONSOLIDATED EDISON INC.,
        Defendant.
------------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

    Plaintiff Vingal Carter, proceeding *pro se*, commenced this action pursuant to 42 U.S.C § 1983. The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons stated below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff is, however, granted leave to file an amended complaint within thirty days of the date this Memorandum and Order is entered on the docket.

## BACKGROUND

    Plaintiff's complaint is not a model of clarity. Plaintiff alleges that the driver of a Consolidated Edison Inc. ("Con Edison") vehicle called the police to report that Plaintiff broke into a truck and stole merchandise. (Compl., Doc 1, at pg. 5.) Plaintiff appears to allege that he was involuntarily hospitalized and that criminal charges were wrongfully brought against him and later dismissed. (*Id*.) Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief "that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### I. Section 1983

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

Plaintiff names Con Edison as the sole Defendant. To state a claim for relief under Section 1983 against a "nominally private entity" such as Con Edison, a plaintiff must allege facts showing "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 264 (2d Cir. 2014) (internal quotation marks omitted); *Limtung v. Consol. Edison of New York*, No. 19-CV-5444, 2021 WL 1254447, at *1 (E.D.N.Y. Apr. 5, 2021) (noting that plaintiff failed to allege a nexus between the State and Con Edison). Here, Plaintiff fails to plausibly allege any facts to demonstrate that

3

Defendant's actions can fairly be treated as those of the State itself. As a result, his § 1983 claim must be dismissed. *See Ciambriello v. Cnty. of Nassau,* 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.").

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants plaintiff leave to file an amended complaint within 30 days of the date of this Order. Any new complaint must be captioned "Amended Complaint" and bear the same docket number as this order. In the amended complaint, Plaintiff should name as proper Defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint and provide the dates and locations for each relevant event. Even if Plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, Plaintiff must describe each individual and the role she or he played in the alleged deprivation of his rights. Finally, Plaintiff is advised that the amended complaint will completely replace the original complaint, so Plaintiff must include in it any allegations he wishes to pursue against proper Defendants.

All further proceedings are stayed for 30 days. If Plaintiff does not file an amended complaint within 30 days, judgment shall be entered. The Clerk of Court is respectfully requested to provide Plaintiff with a complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
   May 23, 2022

/s/ LDH
L&#x1D00;SHANN D&#x1D07;ARCY HALL
United States District Judge