UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

VINGAL CARTER,

                Plaintiff,                               **MEMORANDUM AND ORDER**
                                                                                  22-CV-2440 (LDH)

      - against -

THE CITY OF NEW YORK-NEW YORK CITY
POLICE DEPARTMENT,

                Defendant.
_____X

LaSHANN DeARCY HALL, United States District Judge:

        Plaintiff Vingal Carter, proceeding *pro se*, commenced this action pursuant to 42 U.S.C § 1983. By Memorandum and order dated May 23, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and dismissed the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff was granted leave to file an amended complaint. For the reasons stated below, Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff is, however, granted leave to file a second amended complaint within thirty days of the date this Memorandum and Order is entered on the docket.

### Standard of Review

        The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## Discussion

Plaintiff alleges that on July 8, 2021, he was falsely arrested by officers from the 77th police precinct in Brooklyn, New York and held for ten hours. (Am. Compl., Doc 1 at pgs. 5-6.) Plaintiff seeks monetary damages pursuant to Section 1983, which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of

any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

As a threshold matter, the "person" sued under § 1983 must be eligible to be sued. Here, the NYPD, as an organizational subdivision of the City of New York, is not a suable entity. *See* N.Y. City Charter Ch. 17, § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Antonetti v. City of New York*, No. 20-CV-5109, 2022 WL 1105172, at *2 (E.D.N.Y. Apr. 13, 2022); *Salaam v. City of New York*, No. 21-CV-3172, 2021 WL 3472660, at *1 (E.D.N.Y. Aug. 6, 2021). Therefore, Plaintiff's claims against the NYPD must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has likewise failed to state a Section 1983 claim against the City of New York (the "City"). To hold a municipality liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional" or other federal right. *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *Wong v. City of New York,* No. 19-CV-6900, 2021 WL 768136, at *5 (E.D.N.Y. Feb. 26, 2021). Plaintiff fails to allege any facts to support an inference that an official policy or custom of the City caused a violation of any federally protected right. Moreover, to the extent he argues

3

that the City should be held liable for the conduct of any individual police officer, that argument must be rejected because a municipality cannot be held vicariously liable for the constitutional torts of its employees or agents under § 1983.  *See Lucente*, 980 F.3d at 297–98; *Demosthene v. City of New York*, No. 18-CV-1358, 2019 WL 181305, at *8 (E.D.N.Y. Jan. 10, 2019).  Given that Plaintiff has failed to allege any factual details to support a claim against the City, his claim is dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## Leave to Amend

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).  Accordingly, the Court grants Plaintiff thirty (30) days to amend his complaint.  Any new complaint must be captioned "Second Amended Complaint" and bear the same docket number as this order.  In the second amended complaint, Plaintiff should name as proper Defendants those individuals who have some personal involvement in the actions he alleges in the second amended complaint and provide the dates and locations for each relevant event.  Even if Plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe.  To the best of his ability, Plaintiff must describe each individual and the role she or he played in the alleged deprivation of his rights.  Plaintiff is advised that the second amended complaint will completely replace the original and amended complaints, so Plaintiff must include in it any allegations he wishes to pursue against proper Defendants.  Plaintiff is advised that the City Bar Justice Center ("CBJC") provides limited legal assistance through its Federal Pro Se Legal Assistance Project ("Project") and may be able to assist Plaintiff. The Project may be reached at (212) 382-4729.

**Conclusion**

Plaintiff's amended complaint, filed *in forma pauperis*, is dismissed for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  All further proceedings are stayed for 30 days.  If Plaintiff does not file a second amended complaint within 30 days, judgment shall be entered.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to provide Plaintiff with a complaint form.

SO ORDERED.

/LDH
LaSHANN DEARCY HALL
United States District Judge

Brooklyn, New York
Dated:  July 8, 2022