UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VIGNAL CARTER,

                              Plaintiff,

                v.

THE CITY OF NEW YORK and NEW YORK
CITY POLICE DEPARTMENT,

                            Defendants.

**MEMORANDUM AND ORDER**
22-CV-2440 (LDH)

L SHANN D ARCY HALL, United States District Judge:

       Vignal Carter ("Plaintiff"), proceeding pro se, brings this action against the City of New York (the "City") and the New York City Police Department ("NYPD," and together with the City, "Defendants") pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), alleging false arrest. By memorandum and order dated May 23, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), and dismissed the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court granted Plaintiff leave to file an amended complaint, which he did on June 15, 2022. The Court dismissed the amended complaint by memorandum and order dated July 8, 2022, for failure to state a claim, but again granted Plaintiff leave to amend the complaint.

### BACKGROUND[1]

       On some unspecified date, officers of the NYPD arrested Plaintiff without cause and held him at the 77th Precinct police station for "an extended period of time." (Am. Compl. at 5, ECF

---

[1] The following facts taken from the second amended complaint (ECF No. 8) are assumed to be true for the purpose of this memorandum and order.

No. 8.)  During that time, the officers were "extremely aggressive," and tried to force Plaintiff to confess to a crime he did not commit.

Plaintiff attached a certificate of disposition ("COD") from the Kings Criminal Court, which indicates that he was charged with five separate felony offenses, including illegal entry with intent to commit burglary, grand larceny in the third degree, criminal possession of stolen property in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree.  (*Id.* at 8.)  He was also charged with three misdemeanor offenses, including petit larceny, unauthorized use of a vehicle, and criminal possession of stolen property in the fifth degree.  (*Id.*)  The COD reveals that Plaintiff was arrested on July 8, 2021, and he was arraigned on July 9, 2021.  (*Id.*)  It also reveals that the felony charges were dismissed on October 20, 2021, and misdemeanor charges were dismissed on February 4, 2022.  (*Id.*)

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of it, that fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  Of course, in reviewing the sufficiency of an IFP complaint, the Court is obliged to construe it liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret it to raise the "strongest [claims] that [it] *suggest*[s]," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases has its limits.  *Id.* at 475 (citation omitted).  To state a claim, a *pro se* complaint must still comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement

2

showing that the pleader is entitled to relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

## DISCUSSION

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Thus, to state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'"

3

*Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

At the outset, Plaintiff's § 1983 claim against the NYPD must be dismissed because it is a "non-suable agency of the City." *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). The New York City Charter provides that "all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the City of New York and not that of any agency except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. Therefore, Plaintiff's § 1983 claim against NYPD, which is any agency of the City, is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Antonetti v. City of New York*, No. 20-CV-5109, 2022 WL 1105172, at *2 (E.D.N.Y. Apr. 13, 2022) (dismissing claims against NYPD because it "cannot sue or be sued"); *Salaam v. City of New York*, No. 21-CV-3172, 2021 WL 3472660, at *1 (E.D.N.Y. Aug. 6, 2021) (same).

Plaintiff's § 1983 claim against the City of New York must also be dismissed because Plaintiff has failed to allege that his injury was the result of any official policy or custom. To hold the City liable under § 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional" or other federal right. *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *Wong v. City of New York,* No. 19-CV-6900, 2021 WL 768136, at *5 (E.D.N.Y. Feb. 26, 2021). Critically, a municipality, like the City, cannot be held vicariously liable for the constitutional torts of its employees or agents. *Id.* at 97–98. Here, Plaintiff fails to allege any facts that support an inference that an official policy or custom of the City caused a violation of any federally protected right. Instead, Plaintiff seeks to hold the City liable for his false arrest at the hands of

4

the City's employees, which he cannot do. Accordingly, Plaintiff's § 1983 claim against the City is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Demosthene v. City of New York*, No. 18-CV-1358, 2019 WL 181305, at *8 (E.D.N.Y. Jan. 10, 2019) (dismissing complaint for failure to plead facts supporting claim that plaintiff's injury was the result of the City's policy or custom).

Although the allegations concerning false arrest as to the individual police officers are relatively bare, they are sufficient to proceed. *See Diggs v. Doe*, 2021 WL 3516383, at *2 (E.D.N.Y. Aug. 10, 2021) (permitting IFP plaintiff's false arrest claim against John Doe defendant based upon allegation that "he was 'falsely arrested'"). To plead a false arrest claim, Plaintiff must plead facts showing that "(1) the [officers] intended to confine plaintiff, (2) [] plaintiff was conscious of confinement; (3) [] plaintiff did not consent to confinement; and (4) confinement was not otherwise privileged." *Chillemi v. Town of Southampton*, 943 F. Supp. 2d 365, 377 (E.D.N.Y. 2013).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against the City and NYPD are dismissed for failure to state a claim upon which relief may be granted. In accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court hereby directs the Corporation Counsel of the City, no later than 45 days from the date of this memorandum and order, to ascertain the full name of the NYPD police officers who are alleged to have been involved in the arrest of Plaintiff and his subsequent detention at the 77th Police Precinct in Brooklyn, New York. The Corporation Counsel shall provide the full names of the police officers and the addresses at which they can be served. Once the names are ascertained, Plaintiff's complaint shall be deemed amended to reflect the full names of these individuals, summons shall issue, and the Court shall

direct service. A copy of this memorandum and order, and the second amended complaint, shall be mailed to the Corporation Counsel, Special Federal Litigation Division. The action is referred to Magistrate Judge Lois Bloom for pretrial supervision.

      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                                                            SO ORDERED.

Dated: Brooklyn, New York                       /s/ LDH
       December 7, 2022                           LASHANN DEARCY HALL
                                                      United States District Judge